# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2008

Charles R. Fulbruge III
Clerk

No. 06-20043
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

FRANCISCO TORRES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-550-3

Before REAVLEY, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Francisco Torres appeals his convictions following a jury trial for conspiracy to possess and possession with intent to distribute 5 kilograms or more of cocaine, possession with intent to distribute 500 grams or more of cocaine, and conspiracy to launder monetary instruments involving proceeds from a specified unlawful activity. See 18 U.S.C. § 1956; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (b)(1)(B)(ii), 846. He argues that the district court erred in denying his motion to suppress drugs and money seized from his residence because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

initial search of his residence, based upon consent given to federal agents by a third party, was not valid, and because the subsequent search of his residence, based upon a warrant and information obtained from the initial search, was not valid.

We "employ a two-tier standard of review in evaluating a district court's denial of a motion to suppress based on an evidentiary hearing." United States v. Orozco, 191 F.3d 578, 581 (5th Cir. 1999). "Although the district court's findings of fact are accepted unless clearly erroneous, its ultimate conclusion as to the constitutionality of the law enforcement action is reviewed de novo." Id. In reviewing a ruling on a motion to suppress, the evidence is viewed in the light most favorable to the party prevailing in the district court, considering the evidence offered at the suppression hearing as well as the evidence admitted at trial. United States v. Gonzales, 121 F.3d 928, 938 (5th Cir. 1997).

Considering the evidence in the light most favorable to the Government, we conclude that there was no error, clear or otherwise, in the district court's finding that Jair Ibarra had apparent authority to grant consent to search Torres's residence and that the police authorities had a good faith reasonable belief that Ibarra had the authority to consent to the search. See Gonzales, 121 F.3d at 939. As there was no error in connection with the agents' initial search of Torres's residence, Torres's challenge to the subsequent search of his residence is without merit. The district court's judgment is AFFIRMED.